# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DANIEL VAUGHN-PETERSEN and KRISTIN VAUGHN-PETERSEN, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 09-0755-CV-W-GAF ) |
| GRANDVIEW C-4 SCHOOL DISTRICT, | ) ) ) |
| Defendant. | ) ) |

## ORDER GRANTING MOTION TO BIFURCATE

Now before the Court is Defendant Grandview C-4 School District's ("Defendant") Motion to Bifurcate. (Doc. #12). Defendant requests that the Court first rule on Plaintiffs Daniel Vaughn-Petersen and Kristin Vaughn-Petersen's (collectively "Plaintiffs") appeal of an administrative decision and then proceed on Defendant's counterclaim for attorneys' fees. *Id.* While Defendant represents Plaintiffs oppose bifurcation, they neglected to file a response in opposition to the pending Motion.

It is within the sound discretion of the district court to decide whether an action should be bifurcated. *Farmers Co-op Co. v. Senske & Son Transfer Co.*, 572 F.3d 492, 498 (8th Cir. 2009). When considering bifurcation, the Court "must determine that (1) the issues are clearly distinct; (2) the bifurcation will not prejudice either party; and (3) the action will result in judicial economy." *Butler v. Dowd*, 979 F.2d 661, 678 (8th Cir. 1992). The Court is "given considerable latitude in deciding the most efficient and effective method of disposing of the issues in a case." *Rolscreen Co. v. Pella Prods. of St. Louis, Inc.*, 64 F.3d 1202, 1209 (8th Cir. 1995).

The Court believes bifurcation in this case is appropriate. Defendant's counterclaim is distinct and unrelated to Plaintiffs' appeal of an administrative decision, and separation of the issues will not prejudice either party. Judicial economy is also served through bifurcation. The record is already developed on Plaintiffs' appeal and need only be submitted through cross-motions for summary judgment; on the other hand, discovery may be required on Defendant's counterclaim. If the Court should rule in Plaintiffs' favor on their appeal, it may not be necessary to address Defendant's counterclaim and discovery on the issue could be avoided. Therefore, in the interest of judicial economy, Defendant's Motion is **GRANTED.**

**IT IS SO ORDERED.**

s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED: March 31, 2010